## GRAFTON, MAY TERM, 1826.

### SAMUEL DALTON *vs.* JACOB FAVOUR, jr.

Where A , through carelessness and negligence, but undesignedly, discharged a firelock in such a manner as to wound B , it was held, that B. had his election to treat the negligence of A. as the cause of the injury, and declare in case; or to treat the act itself, as the cause of the injury, and declare in trespass.

TRESPASS on the case, for that the said *Favour*, on the 27th September, 1825, at D. having in his hands a firelock, highly charged with powder, and a great quantity of wadding, so exceedingly carelessly managed his said firelock, that he discharged its contents into the foot of the plaintiff ; whereby he was put to great pain, &c.

The cause was tried here, upon the general issue, at November term, 1825 ; when it appeared in evidence, that the plaintiff was standing in an entry of a house in sight of the defendant, who was about six feet distant from him, when the defendant discharged the firelock and wounded the plaintiff in his foot ; but it did not appear, that the firelock was discharged with the intent to injure the plaintiff, but the accident was the consequence of great carelessness.

*Webster*, for the defendant, objected, that case could not be supported on the facts proved in the case ; but the court overruled the objection ; and the jury having returned a verdict for the plaintiff, he moved the court to grant a new trial, on the same ground.

*Smiley*, for the plaintiff.

RICHARDSON, C. J., delivered the opinion of the court.

The principles, upon which the decision of this case must depend, are well settled in the books.

In all cases, where the injury is done with force and immediately by the act of the defendant, trespass may be maintained. 1 *Chitty's Pl.* 122.—3 *East* 593, *Leame vs. Bray.*—19 *Johns.* 381.—18 *ditto*, 257, *Percival vs. Hickey.*

And in every case, where the injury is the immediate effect of the defendant's act, and is stated in the declaration, or appears upon the trial, to have been wilfully done, the remedy must be trespass. 1 *Chitty's Pl.* 127.—8 *D. & E.* 188, *Ogle vs. Barnes.*—6 *D. & E.* 128. *And Savignac vs. Roome*, 6 *D & E.* 125.—5 *D. & E.* 648, *Day vs. Edwards.*

But where the damage or injury ensues, not directly from the act of the defendant, the remedy must be case. 1 *Chitty's Pl.* 126.

In all cases, where the injury is attributable to negligence, although it were the immediate effect of the defendant's act, the party injured has an election, either to treat the negligence of the defendant as the cause of action, and declare in case ; or to consider the act itself as the cause of the injury, and to declare in trespass. 1 *Chitty's Pl.* 127.—5 *Bos. & Puller* 117, *Rogers vs. Imbleton.*—3 *Burrows* 1560.—5 *B. & P.* 447, *note.*—3 *East* 600 *and* 601.—8 *D. & E.* 188, *Ogle vs. Barnes.*—14 *Johns.* 432, *Bliss vs. Campbell*, where it was decided, that case might be maintained for wounding the plaintiff's leg, by negligently firing a pistol. 1 *Bos. & Puller* 472, *Turner vs. Hawkins.*

In the case now before us, it did not appear, that the injury was wilfully done, but it was the consequence of great carelessness. This is an instance then, where either trespass or case may be maintained ; and there must be

*Judgment on the verdict.*